IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TINA SMITH | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| ALLSTATE FIRE & CASUALTY INS. CO. | : | No. 07-CV-2790 |

**MEMORANDUM AND O R D E R**

J. Ditter                                                                    March 10, 2008

Plaintiff, Tina Smith, filed suit against Allstate Insurance Company after Allstate denied

coverage for the loss of her vehicle following its alleged theft.  Before me is Allstate's motion to

dismiss all but Count X of Smith's complaint.  For the reasons that follow, I will deny in part and

grant in part Allstate's motion.

DISCUSSION

The well known standards for considering a motion to dismiss apply.  I have accepted all

of Smith's allegations as true and drawn all reasonable inferences in Smith's favor.

A.  Breach of Contract Claim

Allstate moves to dismiss or strike as redundant Counts I through V of Smith's

complaint.  In these five separate counts, Smith avers various versions of a breach of contract

claim.  Count I asserts that Smith was covered by an Allstate automobile insurance policy, her

vehicle was stolen, she contacted Allstate regarding her loss, and Allstate breached the contract

by refusing to pay on her legitimate claim.  In Count II, Smith asserts that Allstate refused to

perform under the contract by, among other things, failing to pay.  In Count III, Smith once again

asserts that Allstate refused to pay and notes that she has suffered financial losses as a result,

including car rental expenses.  In Count IV, she asserts for the fourth time that Allstate has refused to pay and labels the refusal an unfounded delay.  In Count V, Smith asserts that Allstate breached its duty when it failed to "fully, fairly and impartially investigate [her] claim[]." *Compl.* ¶ 25.

Allstate's motion to dismiss Counts II through V will be granted.  However, Smith may amend the complaint to eliminate the redundancies and consolidate her breach of contract claim under one count.

B.  Breach of the Duty of Good Faith and Fair Dealing Claim

Allstate moves to dismiss Count VI of Smith's complaint that asserts a claim for the breach of the duty of good faith and fair dealing.  "[A] plaintiff cannot seek to recover from a defendant on a separate theory of breach of implied duty of good faith and fair dealing while maintaining an action for breach of contract, which includes that duty."  *United States Small Bus. Admin. v. Progress Bank*, 2004 U.S. Dist. LEXIS 25963, * 12-13 (E.D. Pa. Dec. 22, 2004). Smith's claim for breach of the duty of good faith and fair dealing is subsumed by her claim for breach of contract and will therefore be dismissed.

C.  Breach of Fiduciary Duty Claim

Plaintiff asserts a breach of fiduciary duty claim in Count VII.  However, the "gist of the action" doctrine bars a plaintiff from recasting a breach of contract claim as a tort claim.   "[A] claim should be limited to a contract claim when 'the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied in the law of torts.'" *Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 104 (3d Cir. 2001), quoting *Bash v. Bell Tel. Co.*, 601 A.2d 825, 830 (Pa. Super. Ct. 1992).

2

Pennsylvania law therefore prohibits tort claims: "(1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract." *eToll, Inc. v Ellios/Savion Adver., Inc.*, 811 A.2d 10, 19 (Pa. Super. Ct. 2002).

Smith alleges that a fiduciary duty was created by the issuance of the insurance policy and was breached by Allstate's actions as set forth in Count I through Count VI.  Therefore, plaintiff's breach of fiduciary duty claim must be dismissed because it is grounded in, and essentially duplicates, her breach of contract claim.

D.  Fraud Claim

In Count VIII, Smith asserts a claim for fraud.  "Under Pennsylvania law, plaintiffs alleging fraudulent misrepresentation must establish five . . . elements: (1) a misrepresentation, (2) a fraudulent utterance, (3) an intention to induce action on the part of the recipient, (4) a justifiable reliance by the recipient upon the misrepresentation, and (5) damage to the recipient as a proximate result."  *Rothman v. Specialty Care Network, Inc.*, 2000 U.S. Dist. LEXIS 14371, *10-11 (E.D. Pa. Oct. 3, 2000).

Smith alleges that Allstate promised to cover damages from a comprehensive loss or theft, without ever intending to comply with its representations, in order to induce her to enter into the insurance contract.  Smith further avers that her reliance was reasonable and that she suffered damages "under the terms of said contracts of insurance plus interest, including the payment of premiums."  *Compl. ¶ 40.*

Although Smith must also meet the heightened pleading requirements of Federal Rule of

3

Civil Procedure 9(b), demanding that the circumstances of the fraud be pleaded with particularity, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."  Therefore, under a liberal construction of Smith's complaint, with all reasonable inferences drawn in her favor, the motion to dismiss must be denied.  *See e.g., Roman v. Cumberland Mut. Fire Ins. Co.*, 2007 U.S. Dist. LEXIS 84417, *7 (E.D. Pa. Nov. 15, 2007)(denying motion to dismiss under liberal construction of plaintiff's complaint alleging fraud by selling an insurance policy and failing to pay on a claim).

E.  Breach of Statutory Duties (Pennsylvania Unfair Insurance Practices Act) Claim

Smith asserts a claim for breach of the Pennsylvania Unfair Insurance Practices Act ("UIPA") in Count IX .  However, it is well established under Pennsylvania law that "the Pennsylvania Insurance Commissioner alone may seek to enforce the UIPA."  *Sabo v. Metro. Life Ins. Co.*, 137 F.3d 185, 192 (3d Cir. 1998).  *See also, Caplan v. Fellheimer, Eichen, Braverman & Kaskey*, 5 F. Supp. 2d 299, 302 (E.D. Pa. 1998) (noting the well established lack of private remedy and citing numerous cases in support). Because there is no private remedy under the UIPA, this claim must be dismissed.

F.  Violation of Consumer Protection Act Claim

In order to assert a claim under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), a plaintiff must plead the following with particularity: "(1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage."  *Fass v. State Farm & Casualty Co.*, 2006 U.S. Dist. LEXIS 51478, *6 (E.D. Pa. July 26, 2006) (internal quotes

4

omitted).

Smith alleges in Count XI of her complaint that Allstate represented it would pay for the theft of or damage to a covered vehicle and that Allstate "would use any excuse, justified or not, to avoid fulfilling its contract." *Compl.* ¶ 54(b).  However, the complaint does not allege that any person made such a representation with specific knowledge that it was false and intended that Smith would then act on the false information to her detriment.

Regardless of her failure to plead properly the appropriate knowledge, Smith's claim is based on Allstate's failure to pay benefits under the insurance policy.  "A mere refusal or failure to pay an insurance claim constitutes nonfeasance and is therefore not actionable along under the UTPCPL." *Fass*, 2006 U.S. Dist. LEXIS 51478 at *8.

Count XI of Smith's complaint will therefore be dismissed.

<u>CONCLUSION</u>

Smith shall have twenty days to file an amended complaint asserting one count for breach of contract (formerly Counts I through V), one count for fraud (formerly Count VIII), and one count for the bad faith claim that has not been challenged in this action (formerly Count X).  All other counts must be dismissed.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TINA SMITH                              :        CIVIL ACTION
                                        :
            v.                          :
                                        :
ALLSTATE FIRE & CASUALTY INS. CO.       :        No. 07-CV-2790


**O R D E R**

And now, this 10th day of March, 2008, it is hereby ORDERED that:

1.  The unopposed motion to change the caption from identifying the defendant as "Allstate Insurance Company" to "Allstate Fire and Casualty Insurance Company" is GRANTED.

2.  The motion to dismiss Counts II through V of the complaint is GRANTED, however plaintiff shall have until March 31, 2008, to file an amended complaint asserting one count for breach of contract.

3.  The motion to dismiss Count VI of the complaint for breach of the duty of good faith and fair dealing is GRANTED and the claim is DISMISSED.

4.  The motion to dismiss Count VII of the complaint for breach of fiduciary duty is GRANTED and the claim is DISMISSED.

5.  The motion to dismiss Count VIII of the complaint for fraud is DENIED.

6.  The motion to dismiss Count IX of the complaint for breach of statutory duties is GRANTED and the claim is DISMISSED.

7.  The motion to dismiss Count XI of the complaint for violation of the Consumer Protection Act is GRANTED and the claim is DISMISSED.


BY THE COURT:


/s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR., S.J.